JOHN J. HADEN, PLAINTIFF, DEFENDANT IN ERROR, v. BAMFORD BROTHERS SILK MANUFACTURING COMPANY, DEFENDANT, PLAINTIFF IN ERROR.

Argued November 8, 1905—Decided February 26, 1906.

When application is made for a rule to show cause why a new trial should not be granted by a party holding bills of exception, the mere granting of the rule operates as a waiver of all exceptions, except such as are expressly reserved in the rule to show cause.

On motion to strike out assignment of error.

Before Justices FORT, GARRETSON and REED.

For the motion, *William B. Gourley.*

Contra, *Collins & Corbin.*

The opinion of the court was delivered by

FORT, J. A judgment was obtained at the Passaic Circuit and a writ of error taken to this court. After the writ was returned it was, on the motion of the attorney of the plaintiff in error, dismissed without prejudice. Thereupon the plaintiff who had prosecuted the writ of error and secured its dismissal as aforesaid applied to the judge of the Circuit Court for a rule to show cause why a new trial should not be granted. The rule recites that the application was made "upon the ground of newly-discovered evidence and upon reading the affidavit of Herman Planter duly filed," but the rule is that the plaintiff should show cause why the judgment in his favor should not be set aside, &c.

Leave was given to take testimony under the rule. After the proofs had been taken, and after hearing on the rule, the Circuit Court discharged the rule. The defendant then sued out a second writ of error and has assigned error on the exceptions taken at the trial. It is these assignments which it is now moved to strike out on the ground that the exceptions were waived by the applying for and granting of the rule to show cause.

We think the assignments must be stricken out. This case is clearly within the opinion of this court in Finley *v.* Handley, where Mr. Justice Van Syckel discusses fully the effect of applying for and having granted a rule to show cause why a new trial should not be granted. He then says, in reviewing the history of the provision of our Practice act on this subject, that "the intention was that in every case the granting of a rule to show cause should be a waiver of all bills of exception except on points expressly reserved in the rule." *Finley* v. *Handley, 21 Vroom 503; Mott's Practice act, p. 110, § 214; Pamph. L. 1903, p. 593.*

The granting of a rule to show cause why a new trial should not be granted, whether the rule granted be general or special, and whatever the ground of the application for the rule may be, is a waiver of all bills of exception held by the party applying for the rule, except as to such exceptions as are expressly reserved in the rule.

In the case at bar 'the rule applied for and granted· was general, no exceptions were reserved, and hence they were waived.

An order will be made granting the motion to strike out the assignments of error based upon the waived exceptions.