JOHN J. HADEN, DEFENDANT IN ERROR, v. BAMFORD
BROTHERS SILK MANUFACTURING COMPANY,
PLAINTIFF IN ERROR.

Argued March 14, 1907—Decided June 17, 1907.

Where application is made for a rule to show cause why a new trial should not be granted by a party holding bills of exceptions, the mere granting of the rule operates as a waiver of the bill of exceptions except on points reserved in the rule. *Haden* v. *Bamford Bros.*, 44 *Vroom* 308, affirmed.

On error to the Supreme Court.

For the plaintiff in error, *Gilbert Collins.*

For the defendant in error, *William B. Gourley.*

PER CURIAM.

The writ of error in this case has brought before us a judgment of the Supreme Court affirming a judgment of the Passaic Circuit Court.

It appears by the record returned by the writ of error, and by the outbranches of the record brought up by a *certiorari,* that the case presented to the Supreme Court on which the judgment complained of was entered was as follows: Haden, the defendant in error, had obtained a verdict against the Bamford Brothers Silk Manufacturing Company in an action in the Passaic Circuit Court, whereon judgment had been entered, and thereupon the company had sued out a writ of error from the Circuit Court, which writ of error, upon motion of the company, was afterwards dismissed without prejudice.

Thereupon the company applied to the Passaic Circuit Court for a rule to show cause why the judgment should not be set aside, which rule was allowed, brought to hearing and discharged by said Circuit Court. No points were reserved in the rule. Afterward the company sued out another writ of error, which brought the record before the Supreme Court.

Upon the return of that writ of error, the company assigned various errors, seventeen of which were founded upon exceptions taken at the trial, and the remaining one was the general assignment of error.

On motion, in behalf of Haden, the Supreme Court struck out all the assignments of error, excepting the general one, on the ground that the company, having applied for and been granted a rule to show cause in the Circuit Court, thereby waived its bill of exceptions, except on points reserved in the rule, and as no points had been reserved in the rule, there were no exceptions on which to found the assignments. After striking out these assignments of error, the Supreme Court affirmed the judgment, finding no error pointed out by the general assignment.

In this court, upon the return of the writ of error bringing up the judgment of the Supreme Court, assignments of error were filed embracing those which had been presented to the Supreme Court and stricken out, and also an assignment questioning the correctness of the order of the Supreme Court striking out the seventeen assignments filed in that court.

It is contended that if we find the order of the Supreme Court striking out the assignments erroneous, the other assignments are properly before us for consideration. Without determining whether this contention is correct, or whether, if the assignments were not properly stricken out, the record should not be sent back for further consideration by the Supreme Court, we are of opinion that the assignments were properly stricken out by that court upon the ground stated in the opinion of Mr. Justice Fort, reported in 44 *Vroom* 308.

It thus appearing that the seventeen assignments were properly eliminated from the record, the judgment of the Supreme Court was correct, as there was no error pointed out by the general assignment. The judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, HENDRICKSON, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.    13.

*For reversal*—None.